■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEREF KARANISOGLU, Appellant. [32 NYS3d 492]—

Order, Supreme Court, New York County (Eduardo Padro, J.), entered or about March 11, 2011, which denied defendant's motion for resentencing under the Drug Law Reform Act of 2004 (L 2004, ch 738), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated denial of the application. The seriousness of the underlying crime, which involved international drug trafficking at a very high level, outweighed all of the factors cited by defendant, viewed in totality (*see e.g. People v Rizo*, 51 AD3d 436 [1st Dept 2008]). Moreover, while incarcerated on the underlying conviction, defendant again became involved in an international drug transaction, and even accepting defendant's claim of mitigating factors regarding that crime, the fact remains that he was convicted of a federal drug felony, and his conduct reveals that he remained able to arrange such a transaction. We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.